IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-14-342-SLP |
| ) | |
| MAURICE MORLEE JOHNSON, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's pro se Motion to Reduce Sentence [Doc. No. 152]. Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and (c)(2), and Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). The Government filed a Response in Opposition [Doc. No. 159], and Defendant filed a Reply [Doc. No. 160]. The Court has further reviewed the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 153]. For the following reasons, the Motion is DISMISSED in part and DENIED in part.

**I.**  **Background**

On January 30, 2015, Defendant pled guilty to one count of sex trafficking of children. [Doc. Nos. 37, 47–49]. On August 9, 2017, the United States Probation Office filed its Third Revised Final Presentence Investigation Report ("PSR"). [Doc. No. 92]. After applying all relevant adjustments, the PSR calculated a total offense level of 39. *Id.* ¶ 121.

Based on Defendant's criminal convictions, The PSR calculated a criminal history

score of 18. *Id.* ¶ 135. Two additional points (status points) were added because Defendant committed the offense while under a criminal justice sentence, for a total of 20 criminal history points. *Id.* ¶ 136. Twenty criminal history points established a criminal history category of VI. *Id.* at 137. Combining Defendant's total offense level of 39 and criminal history category of VI, the PSR recommended a guideline imprisonment range of 360 months to life. *Id.* ¶ 167.

On August 17, 2017, the Court adopted the PSR without change, applied a downward departure, and sentenced Defendant to Defendant to 240 months' imprisonment. [Doc. Nos. 95–96].

On February 7, 2024, Defendant filed the pending Motion. He seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821, and compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## II.    Standard

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Defendant's Motion implicates two sources of statutory authorization.

First, the Court may reduce the sentence of a defendant "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.]

§1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Second, a defendant may seek a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). District courts apply a three-step framework to § 3582(c)(1)(A) motions. *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). A reduction is proper under that test if:

> (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable.

*Id*. If any of these three requirements are lacking, the Court may deny the motion without addressing the other steps. *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021). But to grant relief, the Court must be satisfied that all three requirements are met. *Id.*

### III. Analysis

#### a. Section 3582(c)(2)

Defendant seeks a sentence reduction pursuant to Amendment 821 to the U.S.S.G. which took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* U.S. Sent'g Guidelines Manual app. C

3

Supp., amend. 821 (U.S. Sent'g Comm'n 2023). With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in his offense level if he or she meets all eleven of the listed criteria.[1]

Part A of Amendment 821 reduces the assigned number of status points to either one (if the defendant had seven or more criminal history points) or zero (if the defendant had fewer than seven criminal history points). Application of the amendment here reduces Defendant's criminal history score from 20 to 19. But even with this reduction, Defendant's criminal history category remains a VI, so his guideline range remains unchanged—i.e., 360 months to life.[2] Thus, a sentence reduction is not authorized under

---

[1] Those eleven criteria are:
> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense);
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role); and
> (11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G. §4C1.1(a).

[2] In Reply, Defendant appears to argue that the PSR incorrectly calculated his criminal history score. See [Doc. No. 160] at 2. But the Court adopted the PSR—which calculated 20 criminal history points—without change. [Doc. Nos. 95, 96]. Defendant cannot properly challenge that finding here. *See United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009) ("A § 3582(c)(2)

18 U.S.C. § 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(2)(B). Because the Court lacks jurisdiction to reduce Defendant's sentence pursuant to § 3582(c)(2), this part of his Motion is DISMISSED. *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion.").

### b. Section 3582(c)(1)(A)[3]

As an initial matter, a prisoner seeking compassionate release must first present his request to the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3582(c)(1)(A). The prisoner bears the burden "to provide proof that he exhausted his administrative rights as is required under § 3582(c)(1)(A) . . . . before a court may consider a motion for compassionate release." *United States v. Hemmelgarn*, 15 F.4th 1027, 1029–30 (10th Cir. 2021). The Government contends many of the grounds raised in the Motion should be dismissed as unexhausted. *See* [Doc. No. 159] at 12–13, 15–17. Upon review, the Court agrees. All

---

motion does not provide the district court with the opportunity to begin the entire sentencing process anew, but rather the district court's discretionary authority is expressly limited by the scope of § 3582(c)."); *see also* U.S.S.G. §1B1.10(b)(1).

[3] Defendant describes several purported errors contained in his PSR. He argues he was unable to object to these errors because he did not see a copy of the PSR until after he was sentenced. Similarly, he claims he "should have been evaluated by [a] psychologis[t] prior to sentencing." [Doc. No. 152] at 3. The Government claims these portions of the Motion attack the validity of Defendant's sentence. The Court agrees. *Cf. United States v. Gordon*, 172 F.3d 753, 756 (10th Cir. 1999); *United States v. Frierson*, No. CR-06-214-HE, 2009 WL 10707317, at *1 (W.D. Okla. Sept. 3, 2009). A Defendant cannot use a compassionate release motion to collaterally attack his conviction and sentence. *See United States v. Wesley*, 60 F.4th 1277, 1288 (10th Cir. 2023), *reh'g en banc denied*, 78 F.4th 1221 (10th Cir. 2023), *cert. denied*, 2024 WL 2883879 (June 10, 2024). In Reply, Defendant contends he "is not attempting to collaterally attack the conviction." [Doc. No. 160] at 4. Accordingly, the Court declines to consider these arguments.

compassionate release justifications not submitted to the BOP—i.e., those related to Defendant's lack of access to a halfway house, family circumstances, sentencing disparities, and his personal history—are dismissed.[4] *See United States v. Gieswein*, 832 F. App'x 576, 577 (10th Cir. 2021).

Defendant's exhausted justifications do not constitute extraordinary or compelling reasons warranting a sentence reduction. His request to the BOP included three grounds for relief: (1) he is eligible for a 2-point reduction, (2) he has "served over 10 years or 75% of [his] sentence," and (3) a staff member "target[ed] [Defendant] because of [his] type of conviction," which is "unprofessional and unnecessary." [Doc. No. 159-1] at 2.

Defendant's first argument—which is properly analyzed under § 3582(c)(2)—has been addressed above. As to his second argument, an unusually long sentence may justify compassionate release under the following circumstances:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. §1B1.13(b)(6). Defendant does not identify any applicable change in the law, nor is the Court aware of any. Thus, he is not eligible for a reduction under subsection (b)(6). There is no other apparent reason why Defendants' continued confinement would

---

[4] Even if it did consider these justifications, the Court would reach the same result: Defendant has not presented extraordinary and compelling reasons warranting compassionate release.

6

constitute extraordinary and compelling circumstances.

Finally, Defendant contends a DOJ staff member has "target[ed]" him due to the nature of his offense—i.e., sex trafficking children—which he claims is "unprofessional and unnecessary." [Doc. No. 159-1] at 2. While certain types of abuse by BOP officers can give rise to extraordinary and compelling circumstances, *see* U.S.S.G. §1B1.13(b)(4), Defendant's allegations are vague and unlike the kinds of abuse set forth in the guidelines. Accordingly, Defendant's request for compassionate release under § 3582(c)(1)(A) is DENIED.

IT IS THEREFORE ORDERED that Defendant's pro se Motion to Reduce Sentence [Doc. No. 152] is DISMISSED in part and DENIED in part, as set forth herein.

IT IS SO ORDERED this 28th day of April, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE