# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-14-342-SLP-1 |
| | ) | |
| MAURICE MORLEE JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court is Defendant's Motion for Compassionate Release [Doc. No. 179].

The Government has filed a Response [Doc. No. 185] and the matter is at issue.[1]  For the

reasons that follow, Defendant's Motion is DENIED in part and DISMISSED in part.[2]

## I.    **Background**

In 2017, Defendant pled guilty to child sex trafficking and was sentenced to 20

years' imprisonment and five years of supervised release – a sentence below the advisory

Guidelines range.  Doc. 95 at 2-3; Doc. 92, ¶ 167.[3]  Defendant is currently in the custody

of the Federal Bureau of Prisons and incarcerated at USP Canaan, Pennsylvania.

Defendant moves for compassionate release pursuant to 18 U.S.C. § 3582(c).  In

---

[1] The Court has also considered Defendant's Stipulation to Hearing Waiver [Doc. No. 182], Motion in Response to Government Response [Doc. No. 184], Letter [Doc. No. 190] and Motion Requesting to Amend [Doc. No. 204] in ruling on his Motion for Compassionate Release.

[2] On two prior occasions, Defendant has moved for compassionate release and the Court has denied such relief.  *See* Doc. Nos. 122, 177.

[3] United States District Judge Robin J. Cauthron presided over Defendant's sentencing.  The case was transferred to the undersigned upon Judge Cauthron's transition to inactive senior status.  *See* Doc. No. 144.

support of his Motion, Defendant argues family circumstances and rehabilitation warrant a sentence reduction. In his Motion and in supplemental briefing, Defendant further points to claimed errors in the calculation of his sentencing Guidelines range, the COVID-19 pandemic, Defendant's weight gain, and his brother's homelessness. *See* Doc. Nos. 179 and 182. Most recently, Defendant references his grandmother's need for a care provider and his father's heart failure. *See* Doc. No. 204.

The Government opposes Defendant's requested relief. The Government concedes that Defendant has exhausted his claims regarding family circumstances as to his spouse and rehabilitation. But the Government argues those claims are insufficient as exceptional and compelling reasons to warrant a sentence reduction. As to any remaining claims, the Government argues Defendant has not exhausted his administrative remedies prior to filing his Motion or, alternatively, that Defendant similarly has not shown extraordinary and compelling reasons to support his request.[4]

## II.    Governing Law

"Compassionate release," available pursuant to 18 U.S.C. § 3582(c)(1), is "one of several narrow exceptions to th[e] rule" that "[a] prison sentence, once imposed, usually cannot be modified by the district court. *Rutherford v. United States*, 608 U.S. --, 146 S.Ct. 1320, 1326 (2026) (citing 18 U.S.C. § 3582(b)). Under the compassionate release

---

[4] Defendant filed his most recent Motion, *see* Doc. No. 204, after the Government filed its Response. There is no indication that Defendant exhausted the claims raised in that Motion. Regardless, his conclusory and unsupported allegations raised in that Motion are insufficient to demonstrate family circumstances constitute extraordinary and compelling reasons sufficient to warrant a sentence reduction.

exception, a district court may reduce a term of imprisonment "if it finds, among other things, that 'extraordinary and compelling reasons warrant such a reduction.'" *Id*. (citing § 3582(c)(1)(A)(i)). "'[E]xtraordinary and compelling' reasons for compassionate release are those that are especially unusual and convincing." *Id*. "This "gatekeeping requirement is not . . . a free-for-all," but a "distinct analytical step that imposes independent and ascertainable limits on access to compassionate release." *Id*. at 1333.

The United States Sentencing Commission's policy statements are used to determine "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id*. at 1326 (citing 28 U.S.C. § 994(t)). The policy statement recognizes six categories of "extraordinary and compelling reasons" justifying compassionate release. *See* USSG § 1B1.13(b)(1)-(6).[5]

A defendant may file a motion for compassionate release after having "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the

---

[5] Those categories are:

    (1) the medical circumstances of the defendant;

    (2) the age of the defendant;

    (3) the family circumstances of the defendant;

    (4) whether the defendant was a victim of abuse while in custody;

    (5) other reasons similar in gravity to those previously described; and

    (6) an unusually long sentence.

*Id*. § 1B1.13(b)(1)-(6).

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Although "nonjurisdictional," the "exhaustion requirement" in § 3582(c)(1)(A) is "a mandatory claim-processing rule."  *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).  Thus, where, as here, the United States challenges a motion for compassionate release on exhaustion grounds, a failure to exhaust is grounds for dismissal of the motion. *See, e.g., United States v. Gieswein*, No. 21-6056, 2021 WL 4852420 at * 2 n. 2 (10th Cir. Oct. 19, 2021) ("[T]he compassionate-release statute's exhaustion requirement . . . though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it[.]").

III.   **Analysis**

A.   **Exhaustion**

Defendant has exhausted his first two claims for relief – family circumstances as to his spouse and his efforts at rehabilitation – but any additional claims he raises in support of a sentence reduction are unexhausted.[6]  Defendant does not challenge the Government's assertion that these claims are unexhausted and there is no evidence that he ever presented these claims to the Bureau of Prisons.  *See Hemmelgarn*, 15 F.4th at 1029-30 (The prisoner bears the burden "to provide proof that he exhausted his administrative rights as required

---

[6] The evidence of record establishes, and the Government concedes, that Defendant's May 2025 request to the warden demonstrates exhaustion of his grounds for a sentence reduction based on family circumstances as to his spouse and rehabilitation.  *See* Resp. at 5-6 (citing Doc. Nos. 184-5; 185-1).

under § 3582(c)(1)(A) . . . . before a court may consider a motion for compassionate release."). Accordingly, the Court dismisses those claims without prejudice on exhaustion grounds.

### B.   Extraordinary and Compelling Circumstances

The Court now addresses Defendant's two exhausted claims. For the reasons that follow, the Court finds Defendant has failed to establish extraordinary and compelling circumstances warrant relief. Therefore, the Court need not address the parties' additional arguments concerning the Court's consideration of the factors under 18 U.S.C. § 3553(a).[7]

### 1.   Family Circumstances

Defendant argues that family circumstances is his "primary claim," pointing to the fact that his wife, whom he identifies as Dolores Velasquez-Bey, has been diagnosed with cancer. *See* Mot. at 1, 3-5. In support, Defendant relies on USSG § 1B1.13(b)(3)(B) which provides that extraordinary and compelling reasons exist where a defendant's spouse or registered partner is incapacitated and the defendant would be the only available caregiver for the spouse or registered partner.

The Government challenges Defendant's ability to meet this showing both on grounds that it is unclear whether Ms. Velasquez-Bey qualifies as Defendant's spouse and, even if she does, there is insufficient evidence in the record to demonstrate that Ms. Velasquez-Bey is "incapacitated."

---

[7] *See Rutherford*, 146 S.Ct. at 1333 ("a prisoner's eligibility "depends on whether he can offer 'extraordinary and compelling' reasons that 'warrant' compassionate release, not on the § 3553(a) factors.").

The Sentencing Guidelines do not define the term "incapacitated" but courts have looked to other sources, to include the Bureau of Prisons (BOP) Program Statements to define the term. *See United States v. McCoy*, No. 25-6039, 2025 WL 2353013 at *3 (10th Cir. Aug. 14, 2025). The BOP defines "incapacitation" as being "'completely disabled, meaning that the [individual] cannot carry on any self-care and is totally confined to a bed or chair[.]'" *Id*. (quoting BOP Program Statement 5050.50 (Jan. 17, 2019)).

Defendant fails to show that Ms. Velasquez-Bey is, in fact, incapacitated. He states that she is battling cancer and that her personal health is declining "at a rate of which the doctors could not have foreseen" but he does not detail her condition. Mot. at 4. Instead, he lists a range of side effects that a person may experience from chemotherapy, but does not state which, if any, of these side effects Ms. Velasquez-Bey is experiencing. In fact, his Motion suggests that she is not receiving chemotherapy "[d]ue to the lack of having a care provider." *Id*.

Moreover, as the Government points out, the single-page medical record submitted by Defendant addresses the fact that Ms. Velasquez-Bey would be undergoing radiation treatment, but there is no evidence of when that treatment began, or ended, or what impact it has had on her. *See* Doc. No. 179-3 at 1. And a letter from Ms. Velasquez-Bey which mentions her "recent health struggle" and her "condition" indicates that Defendant will "aid [her] in managing [her] workload[.]" *See* Doc. 179-2 at 1. This letter implicitly negates a finding that Ms. Velasquez-Bey is incapacitated as it establishes she is working in some capacity. The record, therefore, fails to demonstrate that Ms. Velasquez-Bey is

incapacitated.[8]

### 2. Rehabilitation

Defendant further argues he should be granted a sentence reduction based on his rehabilitation efforts. Rehabilitation alone isn't extraordinary and compelling. *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (citing 28 U.S.C. § 994(t)); *see also* USSG § 1B1.13(d). Nevertheless, rehabilitation can be considered "in combination with other circumstances." *United States v. Wesley*, 78 F.4th 1221, 1231 n.8 (10th Cir. 2023).

Here, the Court finds Defendant's rehabilitative efforts – to include the creation of an inmate work cadre and the completion of several courses – are commendable, but they do not, either alone or in combination with any other evidence of record, establish extraordinary and compelling circumstances. *Compare United States v. Mora*, No. 21-8037, 2021 WL 5711087 at *2 (10th Cir. Dec. 2, 2021) (affirming district court's dismissal of motion for early release where the defendant "had garnered extensive coursework and involvement in rehabilitative programs largely because he had spent so many years in prison"). Moreover, as the Government notes, Defendant has had recent BOP conduct violations that followed the February 2024 filing of his last compassionate-release motions. *See* Doc. No. 185-3. The Court finds, therefore, that Defendant's rehabilitative efforts do not suffice to warrant compassionate release.

### IV. Conclusion

For the reasons set forth, Defendant's Motion to Reduce Sentence Pursuant to 18

---

[8] Because the Court finds insufficient evidence of incapacitation, the Court need not decide whether Ms. Velasquez-Bey qualifies as Defendant's spouse or registered partner.

U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) [Doc. No. 179] is DISMISSED in part, for failure to exhaust administrative remedies, and DENIED in part.[9]  Defendant's Motion Requesting to Amend [Doc. No. 204] is DENIED.

IT IS SO ORDERED this 24th day of July, 2025.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

---

[9] *See United States v. Akers*, 855 F. App'x 465, 466 (10th Cir. 2021) (whether exhaustion is jurisdictional or a claims-processing rule, district court correctly dismissed compassionate release motion for failure to exhaust); *Hemmelgarn*, 15 F.4th at 1032 (affirming denial of motion for compassionate release on grounds defendant failed to demonstrate the existence of extraordinary and compelling reasons).